**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 20 CR 309-1 |
| | ) | |
| v. | ) | Judge Virginia M. Kendall |
| | ) | |
| | ) | U.S.C.A. No. 23-2557 |
| LARRY JONES. | ) | |
| | ) | |

**ORDER**

Before the Court is Defendant-Appellant Larry Jones's motion to proceed *in forma pauperis* on appeal, (Dkt. 228). For the following reasons, the motion [228] is denied.

The Court assumes familiarity with this case's basic procedural facts from its October 20, 2023 Order regarding Jones's first motion to proceed *in forma pauperis*. (*See* Dkt. 221). The Court denied without prejudice Jones's first application to proceed *in forma pauperis*, (Dkt. 220), for being incomplete and for failure to "state[] the issues that the party intends to present on appeal." Fed. R. App. P. 24(a)(1); Dkt. 221 at 2. On November 11, 2023, attorney Debra Loevy filed an appearance on behalf of Jones. (Dkt. 223). Jones then filed an Amended Notice of Appeal stating he intends to appeal this Court's July 25, 2023 sentence of 188 months' imprisonment, (Dkt. 227), and a motion to proceed *in forma pauperis* on appeal, (Dkt. 228).

A party may appeal *in forma pauperis* under 28 U.S.C. § 1915(a) if he is indigent and the appeal is taken in good faith. To establish indigency under § 1915(a)(1), a party must submit an affidavit including a statement of all assets which demonstrates that he is unable to pay the filing fee. The affidavit must also "state the nature of the . . . appeal and affiant's belief that the person is entitled to redress." *Id*. Federal Rule of Appellate Procedure 24 sets forth similar requirements. Under Rule 24(a)(1), a party who wishes to proceed *in forma pauperis* on appeal must attach an affidavit that (1) shows that the party cannot pay the filing fee; (2) "claims an entitlement to redress;" and (3) "states the issues that the party intends to present on appeal."

First, the Court considers the financial affidavit Jones submitted in support of his motion. (Dkt. 228). Jones attests that he averaged $3,000 per month in employment income prior to his arrest. (*Id.* at 1). He also received $2,700 in unemployment, public assistance, or welfare. (*Id.*) He states he has no money in a checking or saving account, five vehicles valued at $12,00, and no other financial assets. (*Id.* at 2). Though the "debts and financial obligations" section of Jones's application is not entirely clear, it appears he has at least $36,500 in credit card and vehicle loans. (*Id.*) Finally, Jones has a balance of $882.94 in his prisoner trust account as of January 1, 2024. (*Id.* at 3).

Jones's application fails to demonstrate his indigence. While Jones responded "$0" for deposits to his jail or prison account, the attached trust account certification indicates deposits

totaling $1,800 from October to December 2023. (*Id.* at 3–4). FCI Pekin also attested that Jones's average monthly deposit was $1,400 over the last six months. (*Id.* at 2). This income constitutes almost three times the amount of the filing fee. As the prison provides all basic necessities to prisoners, this entire sum was available to Jones to pay the filing fee. *Kennedy v. Huibregtse*, 831 F.3d 441, 443 (7th Cir. 2016); *Maboneza v. Kincaid*, 798 F. App'x 19, 21 (7th Cir. 2020) (affirming a district court's finding that a prisoner who received $200 per month in deposits was not indigent).

Further, Jones misleads the Court by omitting this income on his *in forma pauperis* application. The Court can only presume the deposits were made by family members or consist of Jones's other unreported income or assets. Either way, Jones's listing of "$0" under "gifts," "deposits by others into your jail or prison account," and "any other sources of money" is belied by his trust account history and contradicts a finding of indigence. (Dkt. 228 at 1).

For these reasons, Jones's motion to proceed *in forma pauperis* on appeal [228] is denied.

_____
Virginia M. Kendall
United States District Judge

Date: January 25, 2024